David E. De Lorenzi, Esq.
Sheila F. McShane, Esq.
**GIBBONS P.C.**
One Gateway Center
Newark, New Jersey 07102-5310
Telephone No.: (973) 596-4743
Facsimile No.: (973) 639-6235

Of Counsel:
Mark E. Waddell, Esq.
Warren MacRae, Esq.
Juliette J. Everhard, Esq.
**LOEB & LOEB LLP**
345 Park Avenue
New York, New York 10154-1895
Telephone No.: (212) 407-4000
Facsimile No.: (212) 407-4990
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| HOFFMANN-LA ROCHE INC., <br><br> Plaintiff, <br> v. <br><br> APOTEX INC. and APOTEX CORP., <br><br> Defendants. | Civil Action No. _____ <br><br> **COMPLAINT FOR PATENT INFRINGEMENT** |

Plaintiff Hoffmann-La Roche Inc. for its Complaint against Apotex Inc. and Apotex Corp., alleges as follows:

## NATURE OF THE ACTION

1. This is an action for patent infringement arising under the Food and Drug and Patent Laws of the United States, Titles 21 and 35, respectively. Plaintiff Hoffmann-La Roche Inc. brings this action to enforce its patent rights covering Boniva® Ibandronate Sodium 150 mg tablets, the first bisphosphonate drug approved in the United States for once-monthly dosing to treat osteoporosis. ("Boniva® Once-Monthly").

## PARTIES

2. Plaintiff Hoffmann-La Roche Inc. ("Roche") is a company organized and existing under the laws of the State of New Jersey with its principal place of business at 340 Kingsland Street, Nutley, New Jersey, 07110.

3. On information and belief, Defendant Apotex Inc. is a corporation organized and existing under the laws of Canada, having a place of business at 150 Signet Drive, Toronto, Ontario, Canada M9L 1T9.

4. On information and belief, Defendant Apotex Corp. is a corporation organized and existing under the laws of the State of Delaware, having a place of business at 2400 N. Commerce Parkway, Suite 400, Weston, Florida, 33326.

5. Apotex Inc. and Apotex Corp. are collectively referred to hereafter as "Apotex."

## JURISDICTION AND VENUE

6. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a), 35 U.S.C. § 271, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02.

7. On information and belief, Apotex Inc. develops and manufactures generic drugs for sale and use in the United States and exports some of its pharmaceutical products for sale in the State of New Jersey.

8. On information and belief, Apotex Corp. is the United States marketing and sales affiliate for Apotex Inc. and has registered with the New Jersey Department of Health and Senior Services as a "Drug or Medical Device Manufacturing or Wholesale Drug or Medical Device Business" N.J.S.A. 24:6B. The registration is effective until January 31, 2008.

9. On information and belief, Apotex has maintained continuous and systematic contacts with the State of New Jersey.

10. On information and belief, both Apotex Inc. and Apotex Corp. have previously consented to personal jurisdiction in this District in several cases as plaintiffs and defendants.

11. On information and belief, this Court has personal jurisdiction over Apotex by virtue of, *inter alia*, the facts alleged in paragraphs 7-11.

12. Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400(b).

## STATEMENT OF FACTS COMMON TO ALL COUNTS

13. This action arises because of Apotex's efforts to gain approval from the United States Food and Drug Administration ("FDA") to market a generic version of Roche's Boniva® Once-Monthly drug product prior to the expiration of Roche's patent rights covering it. The FDA approved Roche's Boniva® Once-Monthly drug product for

3

marketing in the United States under Plaintiff Roche's New Drug Application ("NDA") No. 21-455, pursuant to section 505(b) of the Federal Food Drug and Cosmetics Act ("FFDCA"), 21 U.S.C. § 355(b).

14.  With the passage of the Hatch-Waxman Act in 1984, the FFDCA provisions with respect to the generic drug approval process were amended in several important respects. One provision requires innovator drug companies to submit patent information to the FDA "with respect to which a claim of patent infringement could reasonably be asserted if a person not licensed by the owner engaged in the manufacture, use, or sale of the drug." 21 U.S.C. § 355(b)(1). The FDA then publishes the submitted patent information in a publication entitled "Approved Drug Products with Therapeutic Equivalence Evaluations" (commonly referred to as the "Orange Book").

15.  In compliance with that statutory obligation, Plaintiff Roche has submitted patent information to the FDA in connection with its NDA No. 21-455 for Roche's Boniva® Once-Monthly drug product, and the FDA has published same in the Orange Book.

16.  The Hatch-Waxman Act further amended the FFDCA to permit generic drug companies to gain approval of generic copies of innovator drugs (also called the "reference drug") by referencing studies performed by the innovator, without having to expend the same considerable investment in time and resources. Thus, generic drug companies are permitted to file what is referred to as an Abbreviated New Drug Application ("ANDA") under 21 U.S.C. § 355(j). When filing an ANDA, generic drug companies are required to review the patent information that the FDA listed in the

4

Orange Book for the reference drug and make a statutory certification (commonly called "patent certification") with respect to same.

17. The generic drug company may state that it does not seek FDA approval to market its generic drug product prior to patent expiration (a "Paragraph III certification"). 21 U.S.C. § 355(j)(2)(A)(vii)(III). Alternatively, the generic drug company may seek FDA approval to market its generic drug product prior to patent expiration by stating in its ANDA that it challenges whether the listed patent is "invalid or will not be infringed …" (commonly called a "Paragraph IV certification"). 21 U.S.C. § 355(j)(2)(A)(vii)(IV).

18. On information and belief, Apotex has filed ANDA No. 78-948 with the FDA seeking approval to market a 150 mg generic copy of Roche's Boniva® Once-Monthly drug product prior to expiration of Roche's patent rights.

19. On or about August 2, 2007, Roche received a letter signed by Bernard C. Sherman, Ph.D., P.Eng., Chairman and CEO of Apotex Inc. purporting to be a notice of Apotex's filing of an ANDA seeking to market a generic copy of Roche's Boniva® Once-Monthly drug product and allegedly containing a Paragraph IV certification required by 21 U.S.C. § 355(j)(2)(B)(i) and (ii), with respect to two of Roche's patents that are currently listed in the Orange Book for Roche's Boniva® Once-Monthly drug product. (Apotex's "Paragraph IV Notice").

20. Apotex's Paragraph IV Notice to Roche states Apotex's intention to seek approval to market a generic version of Roche's Boniva® Once-Monthly drug product prior to expiration of two Roche patents listed in the Orange Book, namely U.S. Patent

5

No. 7,192,938, expiring May 6, 2023, and U.S. Patent No. 6,294,196, expiring October 7, 2019. Notwithstanding the United States Patent and Trademark Office's grant of patent protection to Roche, Apotex asserts in its Paragraph IV Notice that these patents are invalid, unenforceable, or would not be infringed.

21. Apotex's efforts to seek FDA approval to market a generic copy of Roche's Boniva® Once-Monthly drug product prior to expiration of these Roche patents creates a justiciable controversy between Roche and Apotex with respect to the subject matter of Apotex's purported ANDA and the Roche patents identified in Apotex's Paragraph IV Notice.

## COUNT ONE

22. Plaintiff Roche alleges paragraphs 1 through 21 above as if set forth again.

23. On March 20, 2007, the United States Patent and Trademark Office duly and legally issued Bauss *et al*., U.S. Patent No. 7,192,938 ("the '938 Patent") to Plaintiff Roche. A true and correct copy of the '938 Patent is attached hereto as **Exhibit A**.

24. As noted above, Boniva® Once-Monthly is the first bisphosphonate drug approved in the United States for monthly dosing to treat osteoporosis. This FDA approved method of use is protected by Roche's '938 Patent.

25. Plaintiff Roche is the assignee of the '938 Patent and owns all rights, title and interest in the '938 Patent, including all rights needed to bring this action in Plaintiff Roche's own name.

26. The '938 Patent is listed in the Orange Book, maintained by the FDA, as a patent "with respect to which a claim of patent infringement could reasonably be asserted if a person not licensed by the owner engaged in the manufacture, use, or sale of the drug." 21 U.S.C. § 355(b)(1).

27. On information and belief, Apotex included a Paragraph IV certification under 21 U.S.C. § 355(j)(2)(A)(vii)(IV) with its ANDA alleging that the '938 Patent is invalid or will not be infringed by the manufacture, use, or sale of the generic copy of Boniva® Once-Monthly covered by Apotex's ANDA.

28. Healthcare providers administering and/or patients using Apotex's proposed generic version of Boniva® Once-Monthly within the United States in the manner and for the indications described in Apotex's ANDA will be direct infringers of Roche's '938 Patent under 35 U.S.C. § 271(a). On information and belief, the healthcare providers' and/or patients' infringing use of Apotex's proposed generic version of Boniva® Once-Monthly in the methods claimed in Roche's '938 Patent will occur at Apotex's behest and with Apotex's intent, knowledge, and encouragement.

29. Apotex has committed an act of infringement of the 938 Patent that creates a justiciable case or controversy between Roche and Apotex. Pursuant to 35 U.S.C. § 271(e)(2)(A), Apotex committed an act of infringement by filing an ANDA with a Paragraph IV certification that seeks FDA marketing approval for Apotex's generic copy of Roche's Boniva® Once-Monthly drug product prior to expiration of Roche's '938 Patent. This Court has subject matter jurisdiction with respect to this action to declare Roche's rights under the '938 Patent.

30. Plaintiff Roche is entitled to the relief provided by 35 U.S.C. § 271(e)(4), including, *inter alia*, an order of this Court that the effective date of approval for Apotex's ANDA be a date which is not earlier than the May 6, 2023 expiration date of the '938 Patent.

31. Plaintiff Roche is further entitled to a declaration that, if Apotex commercially manufactures, uses, offers for sale or sells Apotex's proposed generic version of Boniva® Once-Monthly within the United States, imports Apotex's proposed generic version of Boniva® Once-Monthly into the United States, or induces or contributes to such conduct, Apotex would further infringe the 938 Patent under 35 U.S.C. § 271(a), (b) and/or (c).

32. Plaintiff Roche will be irreparably harmed by Apotex's infringing activities unless those activities are enjoined by this Court. Plaintiff Roche does not have an adequate remedy at law.

33. This is an exceptional case and Roche is entitled to an award of reasonable attorneys fees from Apotex.

## COUNT TWO

34. Plaintiff Roche alleges paragraphs 1 through 33 above as if set forth again.

35. On September 25, 2001, the United States Patent and Trademark Office duly and legally issued Gabel *et al.*, U.S. Patent No. 6,294,196 ("the '196 Patent"). A true and correct copy of the '196 Patent is attached hereto as **Exhibit B**. The composition of Roche's Boniva® Once-Monthly drug product is protected by Roche's '196 Patent.

36. Plaintiff Roche is the assignee of the '196 Patent and owns all rights, title and interest in the '196 Patent, including all rights needed to bring this action in Plaintiff Roche's own name.

37. The '196 Patent is listed in the Orange Book, maintained by the FDA, as a patent "with respect to which a claim of patent infringement could reasonably be asserted if a person not licensed by the owner engaged in the manufacture, use, or sale of the drug." 21 U.S.C. § 355(b)(1).

38. On information and belief, Apotex included a Paragraph IV certification under 21 U.S.C. § 355(j)(2)(A)(vii)(IV) with its ANDA alleging that the '196 Patent is invalid or will not be infringed by the manufacture, use, or sale of the generic copy of Boniva® Once-Monthly covered by Apotex's ANDA.

39. According to Apotex's Paragraph IV Notice to Roche, Apotex disputes whether the composition of Apotex's proposed generic copy of Roche's Boniva® Once-Monthly drug product would infringe the '196 Patent.

40. Apotex has committed an act of infringement of the '196 Patent that creates a justiciable case or controversy between Roche and Apotex. Pursuant to 35 U.S.C. § 271(e)(2)(A), Apotex committed an act of infringement by filing an ANDA with a Paragraph IV certification that seeks FDA marketing approval for Apotex's generic copy of Roche's Boniva® Once-Monthly drug product prior to expiration of Roche's '196 Patent. This Court has subject matter jurisdiction with respect to this action to declare Roche's rights under the '196 Patent.

9

41. Plaintiff Roche is entitled to the relief provided by 35 U.S.C. § 271(e)(4), including, *inter alia*, an order of this Court that the effective date of approval for Apotex's ANDA be a date which is not earlier than the October 7, 2019 expiration date of the '196 Patent.

42. Plaintiff Roche is further entitled to a declaration that, if Apotex commercially manufactures, uses, offers for sale or sells Apotex's proposed generic version of Boniva® Once-Monthly within the United States, imports Apotex's proposed generic version of Boniva® Once-Monthly into the United States, or induces or contributes to such conduct, Apotex would further infringe the '196 Patent under 35 U.S.C. § 271(a), (b) and/or (c).

43. Plaintiff Roche will be irreparably harmed by Apotex's infringing activities unless those activities are enjoined by this Court. Plaintiff Roche does not have an adequate remedy at law.

44. This is an exceptional case and Roche is entitled to an award of reasonable attorney fees from Apotex.

## RELIEF SOUGHT

**WHEREFORE,** Plaintiff requests:

A) A judgment and decree that the '938 and '196 Patents are valid and enforceable;

B) A judgment that Apotex infringed Roche's '938 and '196 Patents under 35 U.S.C. § 271(e)(2)(A) by submitting the aforesaid ANDA with a Paragraph IV

Certification seeking to market Apotex's generic version of Boniva® Once-Monthly prior to the expiration of those patents;

C) A judgment that Apotex would infringe and induce infringement of Roche's '938 and '196 Patents upon marketing of Apotex's generic version of Boniva® Once-Monthly after grant of FDA approval and during the unexpired terms of Roche's '938 and '196 Patents;

D) An Order pursuant to 35 U.S.C. § 271(e)(4)(A) that the effective date of any FDA approval of Apotex's ANDA No. 78-948 be a date that is not earlier than the expiration date for the last to expire of the '938 and '196 Patents.

E) A permanent injunction pursuant to 35 U.S.C. § 271(e)(4)(B) restraining and enjoining Apotex and its officers, agents, servants and employees, and those persons in active concert or participation with any of them, from engaging in the commercial manufacture, use, offer to sell, or sale within the United States, or importation into the United States, of the proposed generic version of Boniva® Once-Monthly identified in this Complaint, and any other product that infringes or induces or contributes to the infringement of the '938 or '196 Patents, prior to patent expiration;

F) An award of attorneys fees from Apotex under 35 U.S.C. § 285;

11

      G)      Such other and further relief as the Court may deem just and proper.

Dated: September 14, 2007                        Respectfully submitted,

                                                              David E. De Lorenzi, Esq.
                                                              Sheila F. McShane, Esq.
                                                               Gibbons P.C.
                                                               One Gateway Center
                                                               Newark, New Jersey 07102-5310
                                                              Telephone No.: (973) 596-4743
                                                              Facsimile No.: (973) 639-6235

                                                              By: ____s/ David E. De Lorenzi____
                                                                           Attorneys for Plaintiff

Of Counsel:
Mark E. Waddell, Esq.
Warren MacRae, Esq.
Juliette J. Everhard, Esq.
LOEB & LOEB LLP
345 Park Avenue
New York, New York 10154-1895
Telephone No.: (212) 407-4000
Facsimile No.: (212) 407-4990

13

Case 2:03-cv-03417-SRC-CLW   Document 679   Filed 09/14/07   Page 13 of 13 PageID: 40